IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| DONNOAL O. VASSER, Inmate #B74215, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>ROGER E. WALKER, JR., CHARLES L. )<br>HINSLEY, BRAD THOMAS, ALAN )<br>UCHTMAN, C/O COWAN, REBECCA )<br>COWAN, NATHAN R. PITTS, and DEBI )<br>MIDDENDORF, )<br>)<br>Defendants. ) | CIVIL NO. 04-896-JPG |

**MEMORANDUM AND ORDER**

**GILBERT, District Judge:**

Plaintiff, a former inmate in the Menard Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. Plaintiff previously was granted leave to proceed *in forma pauperis*, and he has tendered his initial partial filing fee as ordered.

To facilitate the orderly management of future proceedings in this case, and in accordance with the objectives of Federal Rules of Civil Procedure 8(f) and 10(b), the Court finds it appropriate to break the claims in plaintiff's *pro se* complaint and other pleadings into numbered counts, as shown below. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. The designation of these counts does not constitute an opinion as to their merit.

**COUNT 1:** Against unspecified defendants for excessive force during drug testing at Menard on May 11, 2004.

**COUNT 2:** Against unspecified defendants for violations of due process at a disciplinary

hearing in which Plaintiff was put in segregation and lost good time credit.

This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.  An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds it appropriate to exercise its authority under § 1915A; this action is legally frivolous and thus subject to summary dismissal.

## COUNT 1

Plaintiff states that during drug testing in his cellblock at Menard Correctional Center, defendants used excessive force against him.  Plaintiff states that he was unable to produce a sample. Plaintiff states that tactical team members were "rude, loud, and aggressive" contributing to his inability to produce.  Plaintiff states that a guard "pressed his long oak stick into the center of my back to briefly immobilize me."  He states it was "awful" and "humiliating."  Plaintiff further states that he watched tactical team members shove other inmates' heads into the wall and watched them force other inmates back into a kneeling position when they tried to get up.  Plaintiff does not state that he was shoved or forced.

The intentional use of excessive force by prison guards against an inmate without

penological justification constitutes cruel and unusual punishment in violation of the Eighth Amendment and is actionable under Section 1983. *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992); *DeWalt v. Carter*, 224 F.3d 607, 619 (7th Cir. 2000). "[W]henever prison officials stand accused of using excessive physical force in violation of the Cruel and Unusual Punishments Clause, the core judicial inquiry is . . . whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Hudson*, 503 U.S. at 6-7. An inmate seeking damages for the use of excessive force need not establish serious bodily injury to make a claim, but not "every malevolent touch by a prison guard gives rise to a federal cause of action. . . . [the] prohibition of 'cruel and unusual' punishment necessarily excludes from constitutional recognition de minimis uses of physical force, provided that the use of force is not of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10; *see also Outlaw v. Newkirk*, 259 F.3d 833, 837-38 (7th Cir. 2001).

Based on these standards, Plaintiff has not stated a claim of excessive force. He states that guards were "rude, loud, and aggressive" and that one pressed a stick into the center of his back. Without more, these de minimis uses of force do not constitute cruel and unusual punishment under the Eighth Amendment. Accordingly, this claim is **DISMISSED** from the action with prejudice. *See* 28 U.S.C. § 1915A.

#### COUNT 2

Plaintiff states that as a result of his inability to produce a urine sample within a two-hour period, he was written a disciplinary ticket. At a subsequent hearing before the adjustment committee, Plaintiff was found guilty of refusing to provide a specimen and was given six months C grade, six months segregation, loss of three months good conduct credit, his visitation and

commissary privileges were restricted for six months and his yard privileges for three months. Plaintiff states that he waived his right for a continuance so that his witnesses might be called, but then states that his due process rights were violated when his witnesses were not called. Plaintiff also states that he was not given written reasons for the disciplinary action, but he submits as exhibits the disciplinary report and the adjustment committee report (Docs. 5 and 6), both of which indicate in writing the reasons for the disciplinary action. Plaintiff states that he did not refuse to give a sample, but that he was unable to give one.

In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise subjected to some comparable deprivation of a constitutionally protected liberty interest. *Id.* at 556-572.

> *Wolff* required that inmates facing disciplinary charges for misconduct be accorded [1] 24 hours' advance written notice of the charges against them; [2] a right to call witnesses and present documentary evidence in defense, unless doing so would jeopardize institutional safety or correctional goals; [3] the aid of a staff member or inmate in presenting a defense, provided the inmate is illiterate or the issues complex; [4] an impartial tribunal; and [5] a written statement of reasons relied on by the tribunal. 418 U.S. at 563-572.

*Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has also held that due process requires that the findings of the disciplinary tribunal must be supported by some evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999).

> Ascertaining whether this standard is satisfied does not require examination of the entire record, independent assessment of the credibility of witnesses, or weighing of the evidence. Instead, the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board.

*Hill*, 472 U.S. at 455-56.

Based on these standards, Plaintiff has not stated a due process claim. He admits that he was given an opportunity for a continuance so that his witnesses might be called but that he waived that opportunity. The exhibits he himself submitted demonstrate that he received written reasons for the disciplinary action. Furthermore, the complaint and exhibits submitted therewith, indicate that the adjustment committee's decision is supported by evidence in the record. Accordingly, this claim is **DISMISSED** with prejudice from the action. *See* 28 U.S.C. § 1915A.

In summary, Plaintiff's complaint does not survive review under § 1915A. Accordingly, this action is **DISMISSED** with prejudice. Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). All pending motions are **DENIED** as moot.

**IT IS SO ORDERED.**

**Dated: February 3, 2006**

          **s/ J. Phil Gilbert**
          **U. S. District Judge**